UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASON M. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00516-JPH-DLP |
| | ) | |
| VINARDI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Jason Middleton contends that Major Keith Vinardi subjected him to cruel and unusual punishment when he ordered prison staff to leave open a window on Mr. Middleton's cell block in sub-zero temperatures for approximately a week. Mr. Middleton and Major Vinardi each claim to be entitled to summary judgment.  For the reasons explained in this Entry, both Major Vinardi's motion for summary judgment, dkt. [36], and Mr. Middleton's cross-motion for summary judgment, dkt. [41], are **denied.**

**I. BACKGROUND**

At all times relevant to the Complaint's allegations, Mr. Middleton was a prisoner confined at the Plainfield Correctional Facility ("Plainfield"). He brought this 42 U.S.C. § 1983 civil rights action against the Indiana Department of Correction and Major Vinardi, alleging that from January 28 through February 5, 2019, Major Vinardi refused to allow prison staff to close an open window on Middleton's housing unit even though the heat was out in the entire facility and it was extremely cold. Dkt. 1. The Court dismissed the Department of Correction at screening, dkt. 5; Mr. Middleton and Major Vinardi have filed cross-motions for summary judgment.

1

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829,833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.* The Court cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

## III. DISCUSSION

### A.     Undisputed Facts

The core underlying facts are largely undisputed because Major Vinardi designated only Mr. Middleton's deposition as summary-judgment evidence. These facts are therefore recited as background for the cross-motions for summary judgment. They are not necessarily objectively true but reflect the designated evidence at this summary-judgment stage. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Additional facts are added below as they are relevant to the analysis.

Beginning on January 28, 2019, there was no heat in Mr. Middleton's segregation housing

unit. Dkt. 37-1 at 7 (Middleton Dep. at 23:15-22). Until February 5, 2019, when it started getting warmer, *id.*, temperatures were so cold that the water in the toilet froze. *Id.* at 15 (Dep. at 33:21-34:1). On January 28, 2019, Mr. Middleton only had a jumpsuit, socks, boxers, a t-shirt, and one blanket. *Id.* at 16 (Dep. at 34:18-35:4). He did not have a sweatshirt or a coat. *Id.* at 16 (Dep. at 34:21-35:1-4).

Mr. Middleton complained to several individuals at the facility about the lack of heat and the open window. *Id.* at 23 (Dep. at 42:7-19).  He was told by custody officers, maintenance staff, and a "psych doctor" that Major Vinardi told them not to close the window on the range. *Id.* at 16-19 (Dep. 34:11-37:13).[1]  Officer Lewis and Officer Strong told Paul Farmer, another inmate housed on the same unit between January 28 and February 5, 2019, that Major Vinardi was the head of all custody staff and that he had given a direct order not to close the window. Dkt. 42-1 at 3 (Farmer Declaration Oct. 1, 2020).

### B.    Analysis

Because Mr. Middleton was a convicted prisoner at all relevant times, the Eighth Amendment applies to his deliberate indifference claim. *Estate of Clark v. Walker*, 865 F.3d 544, 546 n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). "It has long been clear that prison officials must protect their wards from such [cold] conditions: the minimal standards required by the Eighth Amendment include the right of a prisoner not to be confined in a cell at so low a temperature as to cause severe discomfort." *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (internal quotation omitted).

---

[1] Defendant did not file the entire transcript of the plaintiff's deposition as ordered in the Court's initial case management order. *See* dkt. 18 at 5 ("[T]he defendant must attach the plaintiff's entire deposition transcript to a summary judgment motion if the defendant relies on any part of the plaintiff's deposition testimony in their motion.").  Defense counsel is directed to carefully review and follow all Court orders in the future and informed that future failure to follow Court orders may result in sanctions.

"The Eighth Amendment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates,' and includes the right to adequate shelter and protection from 'extreme cold." *Baptist v. Hinsley*, 107 F. App'x 7, 8 (7th Cir. 2004) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) and *Dixon*, 114 F.3d at 642). To prove an Eighth Amendment violation, Mr. Middleton must show that Major Vinardi knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. Exposure to extreme cold without alternative means to keep warm constitutes cruel and unusual punishment. *See Flores v. O'Donnell*, 36 F. App'x 204, 206–07 (7th Cir. 2002).

### 1. Major Vinardi's motion for summary judgment

Major Vinardi designated only Mr. Middleton's deposition in support of his motion for summary judgment. *See* dkt. 37. He contends that Mr. Middleton has not proven an element of his claim—that Major Vinardi was aware that any substantial risk of serious harm was created by the open window.

During the timeframe alleged in the complaint it was extremely cold in Mr. Middleton's housing unit, there was no heat in that unit, a window at the end of the range was open, and Mr. Middleton and other inmates asked for the window to be closed. And Mr. Middleton has designated evidence that Farmer asked Major Vinardi on January 30, 2019, about the open window. Dkt. 42-1 at 3. Major Vinardi told Farmer he "didn't care how cold it got, that the window would stay open." *Id.* at 3-4 Major Vinardi also told Farmer that if he "didn't like it to file a grievance." *Id.* at 4. When Mr. Farmer asked for more blankets, Major Vinardi told him to "stop crying" and "nobody would get any extra anything." *Id.* Major Vinardi also said that if he had it his way, "the heat would stay off." *Id.* Other prison staff told Mr. Farmer that Major Vinardi had said that the window was

4

to remain open and to not give out any extra clothes or blankets because then everybody would want them. *Id.* Moreover, Mr. Middleton has designated evidence that Major Vinardi made statements from which a reasonable jury could infer that he intended to keep it as cold as possible on Mr. Middleton's unit and that he did not care how cold it became.  Dkt. 42-1.

Major Vinardi argues that he was not responsible for lack of heat in the cell block, but that doesn't matter because Mr. Middleton does not allege that Major Vinardi caused the cell block to not have heat or that he should have fixed it. Instead, Mr. Middleton's claim is based on his allegation that Major Vinardi ordered prison staff to leave the window open despite knowing the temperatures outside were below zero and that there was no heat on the cell block.

Major Vinardi also argues that he cannot be held liable for acts or omissions based on his supervisory position. *See Horshaw v. Casper*, 910 F.3d 1027, 1029  (7th Cir. 2018). While he is correct that there is no vicarious liability under Section 1983, *Perez v. Fenoglio*, 792  F.3d 768, 781 (7th Cir. 2015), that principle does not insulate a supervisor from liability for the actions of subordinates performed at the supervisor's direction. Here, Mr. Middleton has designated evidence that he experienced severe discomfort due to sustained periods of exposure to extremely cold conditions, and that those conditions were caused in part by Major Vinardi's orders to subordinate prison staff to leave the window open.

Major Vinardi next contends that Mr. Middleton has not designated evidence sufficient to survive Major Vinardi's motion for summary judgment or to entitle Mr. Middleton to summary judgment.  He asserts that Mr. Middleton's and Mr. Farmer's sworn declarations are "sham" declarations or affidavits because they conflict with Mr. Middleton's deposition testimony.  *See James v. Hale*, 959 F.3d at 307, 315 (7th Cir. 2020) ("In this circuit the sham-affidavit rule

prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony.").

But the record does not support application of the sham affidavit rule to Mr. Farmer's affidavit. Mr. Farmer was not deposed, so there can be no contradiction created by his affidavit.[2] And under that affidavit and Mr. Middleton's deposition, summary judgment must be denied, so the Court does not address whether the sham affidavit rule applies to Mr. Middleton's affidavit. For example, Mr. Farmer's declaration included that Major Vinardi "gave custody staff the order to leave the window open on the range." Therefore, the fact that Mr. Middleton had not met Major Vinardi does not mean he did not know Major Vinardi's role at the prison, nor does it affect the designated evidence from Mr. Farmer about what orders Major Vinardi issued. Dkt. 48 at 3.

Finally, Major Vinardi's qualified immunity defense fails. It was clearly established at all relevant times that prison officials must take reasonable measures to avoid exposing inmates to unnecessarily cold temperatures. *See Dixon*, 114 F.3d at 642.

Major Vinardi is therefore not entitled to summary judgment.

### 2.  Mr. Middleton's motion for summary judgment

For Mr. Middleton's motion for summary judgment, the Court views the evidence and draws all reasonable inferences in Major Vinardi's favor. *American Family Mut. Ins.*, 832 F.3d at 648. Viewed in that light, there is a triable issue of fact on Major Vinardi's mental state. Deliberate indifference claims like Mr. Middleton's require "a sufficiently culpable state of mind, something akin to recklessness." *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019).

---

[2] Major Vinardi contends that the statement Mr. Farmer attributes to Mr. Vinardi—"nobody would get any extra anything"—contradicts Mr. Middleton's deposition testimony that he was not aware of Major Vinardi telling anyone to not give Mr. Middleton extra clothes or extra bedding. Dkt. 45 at 6. The deposition testimony reflects Mr. Middleton's knowledge, not Mr. Farmer's. Mr. Farmer's affidavit is simply additional evidence. *James*, 959 F.3d at 317 (district court erred in excluding affidavit of witness who was not deposed).

Major Vinardi has designated evidence from Mr. Middleton's deposition that Mr. Middleton did not know who Major Vinardi was and did not communicate with Major Vinardi during the relevant time. Dkt. 37-1 at 25-26 (Middleton Dep. at 44-45). Mr. Middleton only had heard second-hand that Major Vinardi was the one who said that the window could not be closed. *Id.* There is therefore no undisputed summary-judgment evidence showing that Major Vinardi actually knew that the open window could seriously harm Mr. Middleton. *Farmer*, 511 U.S. at 837 (To be liable, a defendant must actually "draw the inference" that a certain condition poses a substantial risk of serious harm). While Mr. Middleton had only one blanket, no sweatshirt, and no coat, he has not designated evidence that Major Vinardi knew those things. *See* dkt. 37-1 at 16-17 (Middleton Dep. at 34-35).[3] Therefore, taking all facts and reasonable inferences in Major Vinardi's favor, there remains a triable issue of fact about whether Major Vinardi had the "culpable state of mind" that is required. *See Giles*, 914 F.3d at 1049.

## IV. CONCLUSION

Defendant Major Vinardi's motion for summary judgment, dkt. [36], is **denied.** Plaintiff Mr. Middleton's cross-motion for summary judgment, dkt. [41], is **denied.**

The Magistrate Judge is requested to set this matter for a status conference to discuss the remaining issues, including: 1) whether Mr. Middleton wishes to have the Court recruit counsel; 2) whether the parties wish to schedule a settlement conference; and 3) whether the parties are ready for a trial setting.

**SO ORDERED.**

---

[3] Mr. Middleton argues that Major Vinardi denied him additional blankets, but he only cites Mr. Farmer's affidavit in support.  That affidavit does not contain evidence specific to Major Vinardi and Mr. Middleton; instead, it says that Major Vinardi told Mr. Farmer that no one would get "extra anything." Dkt. 42-2 at 4.  Drawing all inferences in Major Vinardi's favor, that is not enough to show that Mr. Middleton is entitled to judgment as a matter of law.  Moreover, Mr. Farmer's affidavit says that he was told that Major Vinardi required the window to stay open because of mold concerns.  *Id.* at 3.

Date: 9/7/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON M. MIDDLETON
158480
727 Moon Road
Plainfield, IN 46168


Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Kurt Harrison Miller
INDIANA ATTORNEY GENERAL
kurt.miller@atg.in.gov

Magistrate Judge Doris L. Pryor